IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LADERRICK WATTS                                                                                            PLAINTIFF

        v.                                        Civil No. 13-5202

SHAWN ALLEN, Detective,
Fayetteville Police Department (FPD);
OFFICER LEONARD GRAVES,
Detective, FPD; DOMINIC SWANFELD,
Sergeant, FPD; and JOHN THREET,
Prosecuting Attorney, Washington County,
Arkansas                                                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, LaDerrick Watts, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.* Plaintiff is currently incarcerated in the Hinds County Detention Center located in Raymond, Mississippi. When he filed this action, Plaintiff was incarcerated at the Washington County Detention Center awaiting trial on pending criminal charges.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, on January 28, 2013, Detective Shawn Allen gave falsified information in connection with criminal charges being brought against the Plaintiff. It is alleged that Sergeant Graves gave false information regarding the Plaintiff on an affidavit.

Sergeant Swanfeld is alleged to have sworn to false documents. Finally, Prosecuting Attorney John Threet is alleged to slandered the Plaintiff while under oath and accused Plaintiff of committing a crime.

According to publicly available information, www.co.washington.ar.us, Watts was arrested and booked into the WCDC on January 24, 2013. He was charged with aggravated residential burglary and engaging in continuing gang conduct.

As relief, Plaintiff asks that the Defendants be dismissed from their jobs. Once that has occurred, he asks for monetary compensation.

**2. Discussion**

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* . Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

Here, Plaintiff's claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, are asserted against individuals immune from suit, or are not presently cognizable.

First, in Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

Baker, 443 U.S. at 145-46.

Second, "defamation, per se, is not actionable under section 1983." Underwood v. Pritchard, 638 F.2d 60, 62 (8th Cir. 1981); see also Wade v. Goodwin, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. Paul v. Davis, 424 U.S. 693 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." Idema v. Wager, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), aff'd 29 Fed. Appx. 676 (2d Cir. 2002).

Third, with respect to his claims of false arrest and false imprisonment, Plaintiff's claims are not cognizable at this time. To the extent Plaintiff challenges his "false arrest" or "false incarceration" as a result of the pending state criminal charges, that claim is also subject to dismissal. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable

until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. 486-87.

The rationale of Heck has been applied to § 1983 complaints filed while the criminal charges are pending. See e.g., Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). In Smith, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Smith, 87 F.3d at 113; see also Garza v. Burnett, 672 F.3d 1217 (10th Cir. 2012)(Heck precludes § 1983 claims relating to pending charges); Fox v. DeSoto, 489 F.3d 227, 234 (6th Cir. 2007)(Heck applies to pre-conviction circumstances.). Accordingly, to the extent Plaintiff challenges his false incarceration as a result of the pending charges, his claim is barred by Heck.

Finally, with respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against the City of Fayetteville. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

AO72A
(Rev. 8/82)

To establish Fayetteville's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. Seymour v. City of Des Moines, 519 F.3d 790, 800 (8th Cir.2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. Speer v. City of Wynne, 276 F.3d 980 (8th Cir.2002); Parrish v. Luckie, 963 F.2d 201, 207 (8th Cir.1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. Szabla v. City of Brooklyn Park, 486 F.3d 385, 389-90 (8th Cir.2007).

Id. at 817-18. Plaintiff makes no allegations that his arrest and incarceration were the result of any policy, custom, or practice of the City.

### 3. Conclusion

I recommend that this action be dismissed because Plaintiff has failed to state a claim upn which relief may be granted, has asserted a claim against an individual immune from suit, and attempts to assert a claim not presently cognizable under § 1983. See 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

AO72A
(Rev. 8/82)

**timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)